FILED

January 13, 2026

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Jeffrey Ray Woods,**
**Petitioner Below, Petitioner**

**v.)  No. 24-233** (Ohio County No. CC-35-2009-C-278)

**Shawn Straughn, Superintendent,**
**Northern Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

The petitioner, Jeffrey Ray Woods, appeals the March 27, 2024, order of the Circuit Court of Ohio County denying his amended petition for a writ of habeas corpus.[1] The petitioner argues that the circuit court erred in not granting him habeas relief and that the circuit court should have vacated his convictions and awarded him a new trial in the underlying criminal action. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In November 2005, a jury found the petitioner guilty of three counts of first-degree murder arising out of an incident where the three victims were a married couple and the wife's son (the husband's stepson). Regarding each murder conviction, the jury did not recommend mercy. The jury further convicted the petitioner of two counts of first-degree robbery and one count of conspiracy to commit robbery. The circuit court sentenced the petitioner to a life term of incarceration without the possibility of parole for each of the murder convictions. The circuit court imposed a sentence of one hundred and twenty years of incarceration for each first-degree robbery conviction and a sentence of one to five years of incarceration for conspiracy to commit robbery. The circuit court ordered that the sentences run consecutively. In February 2009, the circuit court resentenced the petitioner for purposes of appeal. This Court refused the petitioner's criminal appeal in January 2010.

The petitioner filed a petition for a writ of habeas corpus in August 2009, and, thereafter, the circuit court appointed habeas counsel. The petitioner filed an amended habeas petition in August 2018 and raised the following grounds for habeas relief: (1) the Prosecuting Attorney of Ohio County had a conflict of interest because, while in private practice, the Prosecuting Attorney

---

[1] The petitioner appears by Jason T. Gain, and the respondent appears by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

1

represented the petitioner approximately sixteen years before the murder-robbery occurred in 2004; (2) trial counsel and appellate counsel each provided ineffective assistance; (3) the circuit court erred in finding that the search of the petitioner's hotel room was constitutional; (4) *Georgia v. Randolph*, 547 U.S. 103 (2006), in which the Supreme Court of the United States held that a warrantless search is unreasonable and invalid as to an objecting co-occupant who is physically present when another co-occupant consents to a search of a premises, applies to the petitioner's case on collateral review; (5) the circuit court improperly held a suppression hearing regarding the evidence seized from the petitioner's hotel room in the petitioner's codefendant's case without the petitioner being present; (6) the report of the President's Council of Advisors on Science and Technology ("PCAST report") constituted newly discovered evidence; and (7) the use of DNA evidence against the petitioner violated his constitutional right to a fair trial.

In November 2017, the petitioner filed a motion for additional expert analysis of a t-shirt containing a mixture of DNA potentially from the petitioner, his codefendant, and/or one of the three victims (the stepson). In March 2018, the circuit court denied the petitioner's motion, observing that another DNA sample collected from the same t-shirt exclusively came from the stepfather, who was also a victim of the murder-robbery, with a population frequency of "approximately 1 in 23.5 trillion unrelated individuals." The circuit court further explained that a second t-shirt gathered as evidence had a DNA sample on it, which exclusively came from the petitioner with a population frequency of "1 in 1.15 quadrillion unrelated individuals." Thus, the circuit court found that testimony and evidence introduced at trial showed that there were two DNA profiles—a unique DNA identification of the stepfather, who was one of the victims, and a unique DNA identification of the petitioner. Therefore, the circuit court concluded that additional expert analysis of the DNA mixture potentially from the petitioner, his codefendant, and/or the stepson who was one of the victims would not change the outcome of the petitioner's case.

The respondent filed a response to the amended habeas petition in October 2018. The petitioner filed a corrected reply to the respondent's response in September 2022. In August 2023, the petitioner submitted a *Losh* checklist.[2] A hearing was initially set for August 24, 2023. However, the circuit court canceled that hearing by order entered on August 23, 2023, because "no further information and witnesses are going to be presented to the Court."

In its March 27, 2024, order, the circuit court denied the amended habeas petition. The circuit court found that the forgery and uttering charges on which the Prosecuting Attorney had represented the petitioner while in private practice during 1987 and 1988 created no conflict of interest because those charges were not substantially related to the underlying criminal action, which arose out of conduct occurring in 2004; neither trial nor appellate counsel provided ineffective assistance; even if the Supreme Court's *Randolph* decision applied retroactively, the search of the petitioner's hotel room did not violate the petitioner's constitutional right to be free of unlawful searches and seizures due to both consent from the person who paid for the room at

---

[2] The checklist of grounds typically used in habeas corpus proceedings, usually referred to as the *Losh* checklist, originates from our decision in *Losh v. McKenzie*, 166 W. Va. 762, 277 S.E.2d 606 (1981), wherein we set forth the most common grounds for habeas relief. *See id.* at 768-70, 277 S.E.2d at 611-12.

the front desk and exigent circumstances; the circuit court held a suppression hearing regarding the evidence seized from the petitioner's hotel room in the petitioner's codefendant's case—not the petitioner's case—and, after new trial counsel was appointed in the petitioner's case, the petitioner waived a suppression hearing in his case;[3] the PCAST report did not constitute newly discovered evidence; and the use of DNA evidence against the petitioner did not violate his constitutional right to a fair trial. The circuit court concluded that "the State presented a very strong case at trial, which would have resulted in a guilty verdict even absent any DNA evidence." The petitioner now appeals the denial of the amended habeas petition. We review the circuit court's order "and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The circuit court thoroughly considered and addressed each of the petitioner's claims. Upon our review, we conclude that the petitioner has not satisfied his burden of demonstrating error in the court's rulings, and we find none. *See* Syl. Pt. 2, *Dement v. Pszczolkowski*, 245 W. Va. 564, 859 S.E.2d 732 (2021) ("On an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973))). Accordingly, we find that the circuit court did not abuse its discretion in denying habeas relief.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

---

[3] Accordingly, the circuit court rejected the petitioner's claim that he should have been present at the suppression hearing in his codefendant's case when it rejected his other ineffective assistance of trial counsel claims.

3